UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.  CASE NO. 8:12-cr-561-SDM-TGW

TAVIS TONEY,
_____/

**ORDER**

In accord with a plea agreement, Tavis Toney was sentenced to 235 months for brandishing (Count Two) and discharging (Count Four) a firearm during a crime of violence.  Because Toney's sentence for discharging (Count Four) a firearm is based on an attempted Hobbs Act robbery and because *United States v. Taylor*, 142 S. Ct. 2015 (2022), holds that an attempted Hobbs Act robbery "does not qualify as a 'crime of violence'" under 18 U.S.C. § 924(c), an August 4, 2023 order (Doc. 81) grants a motion under 28 U.S.C. § 2255 and determines that Toney's sentence for discharging a firearm is invalid.  A hearing to determine an amended sentence is scheduled for April 15, 2024.

An order (Doc. 37) entered before Toney's original sentencing hearing preliminarily forfeits to the United States a Cobra Enterprises, Inc., model FS 380, 380 caliber semi-automatic pistol, serial number FS021489 (the pistol used by Toney).  After the United States published a notice of the forfeiture and the intent to dispose of the pistol and after the United States received no timely petition, a final order (Doc. 45) of forfeiture condemns and forfeits the pistol to the United States and declares that

"[c]lear title to the [pistol] now vests in the United States of America." The United States reports that the pistol "was destroyed on September 19, 2013."

The United States moves (Doc. 87) for another order preliminarily forfeiting the same (destroyed) pistol. Neither Toney's motion under Section 2255 nor the resulting order affects the earlier order preliminarily forfeiting the pistol. *United States v. Finze*, 428 Fed. Appx. 672, 677 (9th Cir. 2011) (persuasively holding that a "forfeiture claim is not a cognizable § 2255 claim, because [the forfeiture claim] does not seek release from custody, and [the] other claims for release from custody 'do not run interference' for [a] non-cognizable forfeiture claim"), *cert. denied*, 565 U.S. 902 (2011); *Mamone v. United States*, 559 F.3d 1209, 1211 (11th Cir. 2009); *United States v. Alquza*, 2017 WL 4451146, at *3 (W.D.N.C. 2017) (Whitney, C.J.) ("The custodial limitation embedded in the text of the federal postconviction statutes makes plain that convicted defendants have no right to use those statutes to raise freestanding challenges to the non-custodial components of their sentences, including forfeiture orders."), *aff'd*, 722 Fed. Appx. 348 (4th Cir. 2018). Further in his plea agreement, Toney "agrees and consents" to forfeiture of the pistol, and the United States establishes the requisite connection between the pistol and the offense charged in Count Two.[*]

---

[*] The earlier preliminary forfeiture order (Doc. 37) states "[t]he United States has established the requisite nexus between the firearm and the offense charged in count four of the indictment."

For these reasons, a new order preliminarily forfeiting the pistol is unnecessary, and the United States' motion (Doc. 87) is **DENIED AS MOOT**. The final order (Doc. 45) of forfeiture remains in effect.

ORDERED in Tampa, Florida, on April 11, 2024.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE